Eastern District of Kentucky
FILED
AUG 10 2007
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 07-CV-108-DLB

MANUEL COOPMAN                                                                                          PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

CAMPBELL COUNTY DETENTION CENTER, ET AL.                               DEFENDANTS

Manuel Coopman, who is currently confined in the Campbell County Detention Center ("CCDC") located in Newport, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 [Record No. 2]. The plaintiff has also filed a "Motion to Proceed In Forma Pauperis" [Record No. 5]. The Court will address that motion by separate Order.

This matter is before the court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of

the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

Plaintiff names the following defendants: (1) the CCDC; (2) Greg Buckler, Jailer of the CCDC; and (3) Judge Popovich."[1]

## CLAIMS

Plaintiff has submitted a six-page complaint which consists mostly of handwritten allegations, although he has inserted responses to pre-printed questions concerning the grievance process [Record No. 2]. In his hand written portion of the complaint [Record No. 2-1, pp. 1, 2, 3, and 6], the plaintiff challenges rulings and comments which Judge Popovich made in a state court state court criminal proceeding, presumably the Campbell District Court. He complains that Judge Popovich considered hearsay evidence during a probable cause hearing which transpired in Campbell County District Court on June 27, 2007. He also complains that Judge Popovich refused to release him on bail.

It would appear that the plaintiff is a defendant in a pending state court criminal proceeding. The plaintiff does not identify the specific state court offenses with which he has been charged. He claims that Judge Popovich's actions have violated numerous provisions of

---

[1]

The plaintiff provides no further information about this defendant. The Court takes judicial notice that Hon. Greg Popovich is the Chief District Judge of the Campbell County District Court.

2

both the United States Constitution and the Kentucky Constitution.

The plaintiff also names the CCDC and Jailer Greg Buckler as defendants. Other than the fact that the plaintiff is currently incarcerated in the CCDC, the plaintiff provides no facts or explanation as to what these defendants may have done to cause them to be named as defendants to this action.

## RELIEF SOUGHT

First, the plaintiff asks this court to intervene in his Campbell District Court criminal case and to order his release from custody. Second, he asks this Court to "punish" Judge Popovich. Third, he seeks money damages for "time illegally detained, stress, anxiety and psychological torture that has no place in a modern criminal justice system."[Record No. 2-1, p.6].

## DISCUSSION

There are four reasons why the Court must dismiss the plaintiff's claims.

### 1. *Younger* Abstention Doctrine

The doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971) prevents this Court from intervening in the plaintiff's Campbell District Court criminal case. The *Younger* abstention doctrine counsels a federal court to refrain from adjudicating a matter that is properly before it in deference to ongoing state criminal proceedings. *Tindall v. Wayne County Friend of the Court*, 269 F.3d 533, 538 (6th Cir.2001). Under the abstention doctrine announced in *Younger*, federal courts should abstain from deciding a matter that implicates pending state criminal proceedings. 401 U.S. at 43-45, 91 S. Ct. 746.

Under *Younger*, and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 107 S. Ct. 1519, 95 L.

3

Ed.2d 1 (1987), federal courts must abstain from hearing challenges to pending state proceedings where the state's interest is so important that exercising federal jurisdiction would disrupt the comity between federal and state courts. *Id.* 481 U.S. at 17.

Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir.1996). All three of these criteria are met in the instant case.

Here, the plaintiff may challenge adverse rulings made by Judge Popovich at other levels of his state court criminal proceeding (such as the Circuit Court and/or the Kentucky Court of Appeals). For these reasons, the *Younger* abstention doctrine compels dismissal of plaintiff's complaint.[2]

## 2. Judicial Immunity

The doctrine of judicial immunity precludes the award of damages against Judge Popovich. Judges are absolutely immune from suit under 42 U.S.C. §1983 if the complained-of act was not taken in the clear absence of all jurisdiction, and if the complained-of act was a

---

[2]

To the extent that the complaint alleges that Judge Popovich violated state law, federal courts are without authority to issue writs of mandamus to direct state officials to conform their conduct to state law. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984). Moreover, federal courts have no general power to compel action by state officers, including state judicial officers. *Davis v. Lansing*, 851 F. 2d 72, 74 (2nd Cir. 1988); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); *More v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) (per curiam); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970).

4

judicial act (*i.e.*, the function was normally one performed by a judge and the parties dealt with the judge in his judicial capacity). *See Pierson v. Ray*, 386 U.S. 547, 553-555 (1967); *see also Stump v. Sparkman*, 435 U.S. 349, 356-362 (1978). Absolute judicial immunity exists for "those acts which are truly judicial acts. . . ." *Morrison v. Lipscomb*, 877 F.2d 463, 467-68 (6th Cir. 1989) (citing *Forrester v. White*, 484 U.S. 219 (1988)), and is not diminished even if the judge's exercise of authority is flawed or is in error. *Id.*, 435 U.S. at 359.

"[A]bsolute immunity is not available if the alleged wrongful conduct was committed pursuant to a non-judicial act, *i.e.*, one not taken in the judge's judicial capacity, such as terminating an employee." *Cameron v. Seitz*, 38 F.3d 264, 272 (6th Cir. 1994) (citing *Forrester v. White*, 484 U.S. 219, 229-30). In *Stump*, the Supreme Court established a two-prong test to determine whether an act is "judicial." *Id.* at 362, 98 S. Ct. 1099.

First, the Court must consider whether the act in question was a function that is "normally performed by a judge." *Id.* The Sixth Circuit has previously referred to this inquiry as the functional approach. Under this inquiry, a court is required to examine the nature and function of the act, not the act itself. The Supreme Court reformulated this inquiry in *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (per curiam), holding that even if a particular act is not a function normally performed by a judge, the court must look to the particular act's relation to a general function normally performed by a judge. *Id.* at 13, 112 S. Ct. 286.

Second, in determining whether an act is "judicial," the court must assess whether the parties dealt with the judges in their judicial capacity. *Id.* at 12, 112 S. Ct. 286. In examining the functions normally performed by a judge, the Sixth Circuit explains that "paradigmatic

5

judicial acts," or acts that involve resolving disputes between parties who have invoked the jurisdiction of a court, are the touchstone for application of judicial immunity. *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir.1997). Conversely, whenever an action taken by a judge is not an adjudication between the parties, it is less likely that it will be deemed judicial. *Cameron v. Seitz*, 38 F.3d at 271.

The actions about which Plaintiff Coopman complains (adverse rulings concerning admissibility of hearsay during a probable cause hearing, and the denial of release on bond), implicate true "judicial" action. A judge's rulings on motions, even if they are detrimental to a litigant's case, constitute judicial action and are thus protected by judicial immunity.[3] *Stump*, 485 U.S. at 363 (disagreement with action taken by judge does not deprive him of judicial immunity). *See also Clark v. Taylor*, 627 F.2d 284 (D.C. Cir. 1980). "Disagreement with the action taken by the judge . . . does not justify depriving that judge of his immunity." *Stump*, 485 U.S. at 363. Under the doctrine of absolute judicial immunity, the plaintiff's claims against Judge Popovich fail as a matter of law and must be dismissed with prejudice.

### 3. Claims Against the CCDC and Jailer Buckler

The complaint is devoid of any facts which might even broadly constitute claims against the CCDC or Jailer Buckler. The plaintiff fails to allege any specific unconstitutional actions attributable to either the CCDC or the Jailer. When a plaintiff generally alleges that he has been

---

[3] To the extent that the plaintiff alleges that Judge Popovich called him a "fool" for representing himself, that action would also be protected by judicial immunity. Indigent defendants are appointed counsel in criminal matters. Even if the plaintiff's allegations on this issue are true, Judge Popovich was most likely trying to convince the plaintiff that he should avail himself of professional legal assistance in his criminal case.

deprived of rights, privileges secured either by the federal Constitution (or amendments thereto) and or by a federal statute, and the plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient to allow a claim to proceed under § 1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Here, the plaintiff complains at length about Judge Popovich's actions. He asserted no actual allegations concerning either the CCDC or Jailer Buckler, yet he has named them as defendants to this action. These claims must be dismissed without prejudice. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988); *see also Finklea v. United States*, 2001 WL 103005 (S.D. Ala., Jan. 30, 2001) (When a plaintiff's complaint is confusing and unclear and fails to state with particularity what actions performed by any particular defendant give rise to the claims, the named defendants should not be required to respond to the complaint, and dismissal of the complaint is appropriate).

### 4. Emotional Distress Claims

The plaintiff alleges that he is entitled to damages for his emotional distress and anxiety. An inmate may not bring a civil action for emotional distress or mental suffering without showing a prior physical injury. 42 U.S.C. §1997e(e). This rule applies to Eighth Amendment claims. *Zehner v. Trigg*, 133 F.3d 459, 461 (7th Cir. 1997); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). *See also Mitchell v. Horn*, 318 F.3d 523, 533 (3rd Cir. 2003) (prisoner asserting a mental or emotional injury was required to show a prior physical injury that was more than *de minimis*, but less than significant). Here, the plaintiff has not alleged any physical

7

contact as a result of the complained-of actions.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows :

(1) The claims against Judge Greg Popovich are **DISMISSED WITH PREJUDICE**.

(2) The claims against the CCDC and Jailer Buckler are **DISMISSED WITHOUT PREJUDICE**.

(3) This action [07-CV-108-DLB] is **DISMISSED**, *sua sponte,* from the docket of the Court.

(4) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the defendants.

This __10th__ day of August, 2007.



Signed By:
David L. Bunning
United States District Judge